**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THOMAS CALI, <br><br> Plaintiff, <br><br> v. <br><br> BOROUGH OF SEASIDE PARK, et al., <br><br> Defendants. | Civil Action No. 20-1431 (MAS) (LHG) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon two motions. The first is Defendants Borough of Seaside Park (the "Borough"), Chief James Boag ("Chief Boag"), Officer Carl Delconte ("Officer Delconte"), Officer Tyler O'Brien ("Officer O'Brien"), Officer Matthew Wood ("Officer Wood"), and Officer Thomas Zabrowski's ("Officer Zabrowski") (Officers O'Brien, Wood, and Zabrowski collectively, the "Responding Officers") (collectively, "Defendants") Motion to Dismiss Plaintiff Thomas Cali's ("Plaintiff") Complaint. (ECF No. 3.) The second is Plaintiff's Cross-Motion to Amend (ECF No. 6), which Defendants opposed (ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Cross-Motion to Amend is granted in part and denied in part, and Defendants' Motion to Dismiss is denied.

## I. BACKGROUND[1]

Plaintiff's Complaint concerns the alleged unlawful entry into his home by the Responding Officers on September 30, 2019. (Compl. ¶ 15, ECF No. 1.) Plaintiff alleges that the Responding Officers entered his home without a warrant or invitation, and remained there for an extended period of time. (*Id.*) Plaintiff also contends that the Responding Officers caused property damage in his home during their unlawful entry. (*Id.* ¶ 16.) Finally, Plaintiff asserts that the Responding Officers filed "false, untrue, misleading, and deceptive" reports regarding the incident in an attempt "to achieve an improper purpose." (*Id.* ¶¶ 17–18.)

On February 12, 2020, Plaintiff filed the instant four-count Complaint against all Defendants, alleging: (1) violation of 42 U.S.C. § 1983, (*id.* ¶¶ 20–25); (2) violation of the New Jersey Constitution, (*id.* ¶¶ 26–31); (3) unlawful search, (*id.* ¶¶ 32–38); and (4) false light, (*id.* ¶¶ 39–45). On March 2, 2020, Defendants filed the instant Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)[2] or, alternatively, for a more definite statement pursuant to Rule 12(e). (Mot. to Dismiss, ECF No. 3.) Defendants asserted that "Plaintiff's Complaint contains threadbare recitals of the elements of some causes of action . . . and no concrete facts sufficient to support such causes of action." (Defs.' Moving Br. 7, ECF No. 3-2.)

Plaintiff filed a subsequent Cross-Motion to Amend his Complaint on May 28, 2020 pursuant to Rule 15(a)(2). (Cross-Mot. to Amend, ECF No. 6.) Plaintiff provided a Proposed Amended Complaint ("Amended Complaint") in support of his Cross-Motion, which includes

---

[1] For the purposes of a motion to dismiss, the Court accepts as true and summarizes the facts alleged in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2] Unless otherwise noted, all references to a "Rule or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

2

further factual support and details of the alleged unlawful entry. (*See generally* Am. Compl., ECF No. 5-1.) According to Plaintiff, on September 30, 2019, the Responding Officers arrived at Plaintiff's home to perform a welfare check on a third party.[3] (*Id.* ¶ 16.) Upon finding the front and back doors locked, Plaintiff asserts the Responding Officers reached through an unlocked window, unlocked the front door, and entered Plaintiff's home without a warrant. (*Id.* ¶¶ 17–20.) Plaintiff alleges that, once inside, the Responding Officers searched each room in the house and subsequently destroyed Plaintiff's property. (*Id.* ¶¶ 15, 21.)

The Amended Complaint notes that Plaintiff is "active in the social, local, and political life in Seaside Park[,]" and "routinely voiced his opinion concerning the manner, method, and means by which certain of the then incumbent municipal officeholders expended, . . . or seemed to desire[, the] funds from the public treasury." (*Id.* ¶ 12.) According to Plaintiff, the alleged unlawful entry was retaliation for his speech and association activity, as well as "a show of force to dissuade him" from future critical speech. (*Id.* ¶¶ 14, 26.) The Amended Complaint asserts the following claims against all Defendants: (1) Count One for violation of the Fourth Amendment, (*id.* ¶¶ 28–32); (2) Count Two for violation of Article I, § 7 of the New Jersey Constitution, (*id.* ¶¶ 33–38); (3) Count Three for violation of 42 U.S.C. § 1983, (*id.* ¶¶ 39–44); (4) Count Four for violation of the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2, (*id.* ¶¶ 45–50); (5) Count Five for conspiracy, (*id.* ¶¶ 51–56); and (6) Count Six for trespass, (*id.* ¶¶ 57–62). Defendants oppose Plaintiff's Cross-Motion, arguing that the Amended Complaint "suffers from the same deficiencies as its predecessor and it is futile." (Defs.' Opp'n Br. 15, ECF No. 7.)

---

[3] Plaintiff alleges that the individual who requested the welfare check was a "non-authoritative source" who did not provide the Responding Officers with probable cause to enter Plaintiff's home. (Am. Compl. ¶ 26.)

3

## II.     LEGAL STANDARD

### A.     Motion to Dismiss

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When analyzing a Rule 12(b)(6) motion to dismiss, the district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### B.     Motion to Amend

Rule 15(a)(2) states that after a responsive pleading has been served "a party may amend its pleading only with the opposing party's written consent or the court's leave[,]" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court has

4

the discretion to deny this request if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith[,] or dilatory motives[;] (2) the amendment would be futile[;] or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Amendment of a complaint is futile when the amended complaint fails to state a claim upon which relief can be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). When assessing futility, the district court only examines the pleadings. *Marks v. Struble*, 347 F. Supp. 2d 136, 150 (D.N.J. 2004). "If the amendment would not withstand a motion to dismiss, leave must be denied." *Doe v. Div. of Youth and Family Servs.*, 148 F. Supp. 2d 462, 477 (D.N.J. 2001).

## III. DISCUSSION

### A. Plaintiff's Cross-Motion to Amend[4]

#### 1. Count Three: Violation of § 1983

"To prevail on a § 1983 claim, [the plaintiff must] show, first, that [he] was deprived of a constitutional right and, second, that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (internal quotation marks and citation omitted). The Fourth Amendment recognizes the right of the people to be secure in their home from unreasonable searches and seizures, and provides that "no [w]arrants shall issue, but upon probable cause." U.S. Const. amend. IV. Thus, a search performed in violation of the Fourth Amendment may form the basis of a § 1983 claim. *See, e.g., Reedy v. Evanson*, 615 F.3d 197 (3d Cir. 2010).

Plaintiff alleges that the Responding Officers—acting in connection with the remaining Defendants—unlawfully entered his home without a search warrant and caused property damage in violation of the Fourth Amendment and § 1983. (Am. Compl. ¶¶ 39–44.) Defendants assert that Plaintiff's § 1983 claim contains "bare assertions, coupled with the mere recitation of a warrantless

---

[4] The Court addresses each count of the Amended Complaint in nonsequential order for efficiency.

5

entry to the home, [that] do not, without more, establish a violation of the Fourth Amendment." (Defs.' Opp'n Br. 5, 7–8.) Furthermore, Defendants note that Plaintiff admits that the impetus of the Responding Officer's entry was a welfare check. (*Id.* at 5.) According to Defendants, "[t]hat, in and of itself, demonstrates that the [Responding] Officers had a good faith basis to perform a brief search of the premises[.]" (*Id.*)

### i. The Borough

As a threshold matter, the Court finds that Plaintiff fails to plausibly allege a § 1983 claim against the Borough. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978). "[A] plaintiff shows that a policy existed when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007) (internal quotation marks and citation omitted). "A plaintiff may establish a custom, on the other hand, by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* at 155–56 (internal quotation marks and citation omitted). "In either instance, a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

"To satisfy the pleading standard, [Plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Here, Plaintiff does not allege any Borough custom or policy, and only provides conclusory allegations that "policy making officials in [the Borough]" retaliated against him by

6

subjecting him to disproportionate police activity, culminating in the unlawful entry of his home. (Am. Compl. ¶¶ 14–15.) Plaintiff does not allege a decisionmaker established—by "proclamation, policy, or edict"—an official policy, *Watson*, 478 F.3d at 155, or a "well-settled and permanent" course of conduct that essentially amounts to law, *id.* at 155–56. Plaintiff, therefore, fails to plausibly allege a § 1983 claim against the Borough. Accordingly, the Court denies Plaintiff's Cross-Motion to Amend as to Count Three against the Borough.

### ii. Chief Boag and Officer Delconte

Plaintiff fails to provide any factual allegations of specific conduct performed by Chief Boag and Officer Delconte. (*See generally* Am. Compl.) The two individuals did not enter Plaintiff's home on September 30, 2019, (*id.* ¶¶ 15–21), and Plaintiff only provides general, conclusory allegations of their involvement, (*see, e.g., id.* ¶ 40 (alleging that Chief Boag and Officer Delconte, along with the Responding Officers, "ordered, arranged, promoted, facilitated, directed, and conducted [the] unlawful search").) When analyzing a 12(b)(6) motion, courts may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678. Accordingly, the Court finds that Plaintiff fails to plausibly allege a § 1983 claim against Chief Boag and Officer Delconte. The Court, therefore, denies Plaintiff's Cross-Motion to Amend as to Count Three against Chief Boag and Officer Delconte.

### iii. Responding Officers

"The Fourth Amendment is not, of course, a guarantee against *all* searches and seizures, but only against *unreasonable* searches and seizures." *United States v. Sharpe*, 470 U.S. 675, 682 (1985). "Searches of a home without a warrant are presumptively unreasonable, though the warrant requirement is subject to carefully defined exceptions." *Ray v. Twp. of Warren*, 626 F.3d 170, 174 (3d Cir. 2010). One such exception is the community caretaker exception, which "recognizes that

7

the police perform a multitude of community functions apart from investigating crime." *United States v. Smith*, 522 F.3d 305, 313 (3d Cir. 2008) (citation omitted). "In performing this community caretaking role, police are expected to aid those in distress[.]" *Id.* (internal quotation marks omitted); *see also Ray*, 626 F.3d at 174–75. The community caretaking exception, however, "cannot be used to justify warrantless searches of a home." *Ray*, 626 F.3d at 177. Another exception includes exigent circumstances, which "include, but are not limited to, hot pursuit of a suspected felon, the possibility that evidence may be removed or destroyed, and danger to the lives of officers or others." *United States v. Coles*, 437 F.3d 361, 366 (3d Cir. 2006); *see also Parkhurst v. Trapp*, 77 F.3d 707, 711 (3d Cir. 1996) ("[T]o qualify as exigent, the officers reasonably must believe that someone is in imminent danger.").

The Court finds that Plaintiff has plausibly alleged a § 1983 claim against the Responding Officers. First, "acts of a state or local employee in [his] official capacity will generally be found to have occurred under color of state law." *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994). Here, Plaintiff alleges the Responding Officers entered his home for a welfare check and, therefore, plausibly alleges conduct under color of state law. (Am. Compl. ¶ 16.) Second, Plaintiff provides sufficient facts that the Responding Officers, without a warrant, reached through an unlocked window, unlocked Plaintiff's front door, and entered his home. (*Id.* ¶¶ 17–23.) Because searches of a home without a warrant are presumptively unreasonable, *Ray*, 626 F.3d at 174, and because the well-pleaded factual allegations of the Amended Complaint, taken as true, demonstrate the absence of an exception to the warrant requirement, the Court finds that Plaintiff has plausibly alleged a violation of the Fourth Amendment. Accordingly, Plaintiff has plausibly alleged a § 1983 claim against the Responding Officers.

Defendants, however, argue that, even if Plaintiff has sufficiently alleged a § 1983 claim, the Responding Officers are entitled to qualified immunity. (Defs.' Opp'n Br. 8–9.) "Qualified

immunity is intended to shield government officials performing discretionary functions, including police officers, 'from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When properly applied, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Courts address qualified immunity claims by considering two factors in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Under one factor, "a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Id.* at 232 (internal citations omitted). Under the other, "the court must decide whether the right at issue was 'clearly established' at the time of [the] defendant's alleged misconduct." *Id.* (citation omitted). A right is clearly established if it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). Although the Third Circuit has cautioned "that it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases," *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009), a complaint may be dismissed on a Rule 12(b)(6) motion based on qualified immunity "when the immunity is established on the face of the complaint," *Thomas v. Indep. Twp.*, 463 F.3d 285, 291 (3d Cir. 2006) (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)). Consequently, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

For the reasons stated earlier in this Memorandum Opinion, the Court finds that Plaintiff has plausibly alleged a violation of the Fourth Amendment and the lack of exigent circumstances.

Furthermore, when deciding in *Ray* that "[t]he community caretaking doctrine cannot be used to justify warrantless searches of a home[,]" the Third Circuit noted that, "[u]ntil our decision in this case, the question of whether the community caretaking doctrine could justify a warrantless entry into a home was unanswered in our Circuit." 626 F.3d at 177. Consequently, the Third Circuit held that the officers in question were entitled to qualified immunity because, *up until that point*, "the officers were not on notice that their conduct was a clear violation of the law." *Id.* at 177–79; *see also Vargas v. City of Phila.*, 783 F.3d 962, 972 n.13 (3d Cir. 2015) ("We had not, before today, *expressly held* that the community caretaking doctrine could justify the seizure of a person outside of a home, *which suggests that*, to the extent there was doubt, the law in this area was not 'clearly established.'" (emphasis added)). Post-*Ray*, the Responding Officers were very likely on notice of a clearly established constitutional right. The Court, however, declines to decide the issue of whether the Responding Officers are entitled to qualified immunity at this time. Instead, the Court finds that the Amended Complaint sufficiently alleges a claim of a violation of a clearly established right. Qualified immunity, therefore, is not established on the face of the Amended Complaint. *Thomas*, 463 F.3d at 291. Accordingly, the Court grants Plaintiff's Cross-Motion to Amend as to Count Three against the Responding Officers.

### 2. Counts One and Two: Violation of the Fourth Amendment of the Constitution and Article I, § 7 of the New Jersey Constitution

#### i. The Borough, Chief Boag, and Officer Delconte

Plaintiff fails to provide any factual allegations of specific conduct performed by the Borough, Chief Boag, and Officer Delconte. (*See generally* Am. Compl.) Plaintiff does not allege that Chief Boag or Officer Delconte were present during the Responding Officer's entry, (*id.* ¶¶ 15–21), nor does he provide anything more than conclusory allegations of the Borough's involvement, (*id.* ¶¶ 15–21, 28–38 (alleging that the Borough, along with the remaining Defendants, "ordered, arranged, promoted, facilitated, directed, and conducted [the] unlawful

10

search").) When analyzing a 12(b)(6) motion, courts may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678. Accordingly, the Court finds that Plaintiff fails to plausibly allege any constitutional violation claim against the Borough, Chief Boag, and Officer Delconte. The Court, therefore, denies Plaintiff's Cross-Motion to Amend as to Counts One and Two against the Borough, Chief Boag, and Officer Delconte.

### ii. Responding Officers

For the reasons stated earlier in this Memorandum Opinion, the Court finds that Plaintiff has plausibly alleged a Fourth Amendment claim against the Responding Officers. Furthermore, Article I, § 7 of the New Jersey Constitution "has been interpreted as affording greater protections than the Federal Constitution." *Peschko v. City of Camden*, No. 02-5771, 2006 WL 1798001, at *4 n.12 (D.N.J. June 28, 2006) (citing *State v. Hempele*, 576 A.2d 793, 799–800 (N.J. 1990)). "Therefore, the Court's analysis under the Fourth Amendment is dispositive as to Plaintiff's . . . claim under the New Jersey Constitution." *Id.* The Court, therefore, finds that Plaintiff has also plausibly alleged an unlawful search claim against the Responding Officers under Article I, § 7 of the New Jersey Constitution. Accordingly, Plaintiff's Cross-Motion to Amend as to Counts One and Two against the Responding Officers is granted.

### 3. Count Four: Violation of the New Jersey Civil Rights Act

"The New Jersey Civil Rights Act (hereinafter "NJCRA") was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitution[]." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011). "This district has repeatedly interpreted [the] NJCRA analogously to § 1983." *Id.* (citing *Chapman v. New Jersey*, No. 08-4130, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009) ("Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart.")); *see also*

11

*Szemple v. Corr. Med. Servs., Inc.*, 493 F. App'x 238, 241 (3d Cir. 2012) ("To sustain a § 1983 claim, or a NJCRA claim [for municipal liability], a plaintiff must show that a defendant had in place a custom or policy which resulted in [a] constitutional deprivation.").

The Court, therefore, analyzes Count Four "through the lens of § 1983." *Trafton*, 799 F. Supp. 2d at 444. For the reasons stated earlier in this Memorandum Opinion, the Court finds that Plaintiff has plausibly alleged an NJCRA claim against the Responding Officers, but not against the Borough, Chief Boag, and Officer Delconte. The Court, therefore, grants Plaintiff's Cross-Motion to Amend as to Count Four against the Responding Officers, but denies the Cross-Motion as to Count Four against the Borough, Chief Boag, and Officer Delconte.

### 4. Count Five: Conspiracy

"To make out a § 1983 conspiracy claim, the plaintiff must make specific factual allegations of a combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events in order to deprive [the] plaintiff of a federally protected right." *Fioriglio v. City of Atlantic City*, 996 F. Supp. 379, 385 (D.N.J. 1998); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293–94 (3d Cir. 2018). "Furthermore, the plaintiff must plead, with particularity, the circumstances of the alleged conspiracy so that the defendant is put on notice of his or her alleged misconduct." *May v. Chirichello*, No. 09-3253, 2009 WL 3818146, at *3 (D.N.J. Nov. 13, 2009) (further noting that a plaintiff must plead (1) the circumstances of the alleged conspiracy, (2) the object of the conspiracy, and (3) certain actions taken to achieve that purpose).

Here, Plaintiff alleges a conspiracy, but fails to support this charge with specific factual allegations. (*See* Am. Compl. ¶¶ 51–56.) Plaintiff merely asserts—without factual support—that Defendants "agreed to and did conspire to willfully and maliciously injure [P]laintiff in his reputation, trade, business, or profession" and through the warrantless entry and search of his

12

home. (*Id.* ¶ 53.) These allegations are conclusory, factually unsupported, and fail to plausibly allege a conspiracy claim against Defendants. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court denies Plaintiff's Cross-Motion to Amend as to Count Five against all Defendants.

### 5. Count Six: Trespass

"Trespass is the unauthorized entry, generally of a tangible matter, onto the property of another." *N.J. Tpk. Auth. v. PPG Indus.*, 16 F. Supp. 2d 460, 478 (D.N.J. 1998), *aff'd*, 197 F.3d 96 (3d Cir. 1999). Under the New Jersey Tort Claims Act ("NJ TCA"), to bring a state tort claim against a public entity or public employee, a plaintiff must first give notice of the claim within ninety days after accrual of the cause of action. *See* N.J. Stat. Ann. § 59:8-8; *Brown v. Twp. of Neptune*, No. 11-7162, 2014 WL 3517776, at *7 (D.N.J. July 15, 2014). This notice requirement applies to common law intentional tort claims, *Ptaszynski v. Uwaneme*, 853 A.2d 288, 294 (N.J. Super. Ct. App. Div. 2004), as well as negligent conduct claims, *Velez v. City of Jersey City*, 850 A.2d 1238, 1243–44 (N.J. 2004). Failure to allege compliance with the NJ TCA's notice requirement is grounds for dismissal. *Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 400 (D.N.J. 2012); *see also Alvarado v. Johnson*, No. 19-18574, 2020 WL 3819211, at *2 (D.N.J. July 8, 2020); *Pinson v. Perera*, No. 19-17227, 2020 WL 3542383, at *4–5 (D.N.J. June 30, 2020). Here, the Amended Complaint fails to allege compliance with the NJ TCA's notice requirement. (*See generally* Am. Compl.) Accordingly, the Court denies Plaintiff's Cross-Motion to Amend as to Count Six against all Defendants.

### B. Defendants' Motion to Dismiss

Because the Court grants Plaintiff's Cross-Motion to Amend in part, the Court denies Defendants' Motion to Dismiss.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Cross-Motion to Amend is granted in part and denied in part. Furthermore, Defendants' Motion to Dismiss is denied. The Court will enter an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**